IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRIGNIA
RICHMOND DIVISION

| | | |
|---|---|---|
| IN RE: | IPofA WEST OAKS MALL, LP., | Case No. 07-33649-KRH |
| | et al., | Chapter 11 |
| | Debtors. | Consolidated for Administration |

## **MEMORANDUM OPINON**

      This matter comes before the Court on the motion of GCCFC 2006-GG7 Westheimer Mall, LLC (the "Movant") for entry of an order directing the appointment of a Chapter 11 Trustee pursuant to § 1104 of the Bankruptcy Code. The Court conducted an evidentiary hearing on October 25, 2007. After having reviewed the evidence and having considered the arguments of counsel, the Court finds that cause exists for the appointment of a Trustee and that such appointment is in the best interest of the creditors and other interests of the estate.

      IPofA West Oaks Mall, LP, a Texas limited partnership, IPofA WOM Master LeaseCo, LP, a Texas limited partnership, and IPofA West Oaks LeaseCo, LP, a Texas limited partnership (collectively, the "Debtors"), each filed in this Court separate voluntary petitions for relief under Title 11 of the United States Code on October 2, 2007 (the "Petition Date"). On October 9, 2007, the Debtors filed a motion to authorize the joint administration of their bankruptcy cases which motion was granted following a hearing conducted on October 24, 2007 (the "October 24, 2007 Hearing"). Since the Petition Date the Debtors have been operating their businesses and managing their property as debtors in possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code.

      The Debtors own and operate a regional shopping mall commonly known as West Oaks Mall located in Houston, Texas (the "Property"). The Property, situated on approximately 100

acres, contains in excess of 1,000,000 square feet of leasable space. Approximately 100 retail tenants currently occupy the Property.

Edward H. Okun ("Okun") owns and manages the Debtors by virtue of his ownership interest in Investment Properties of America, LLC, a Virginia limited liability company ("Investment Properties of America") which in turn owns the Debtors. On October 5, 2007 and on October 9, 2007, the Court entered Orders of Designation, designating Edward H. Okun as the representative of the Debtors in these cases (the "Orders of Designation").

The Movant is the holder of a promissory note dated as of June 22, 2006, executed by the Debtors in the original principal amount of $86,000,000 (the "Note"). In consideration of the loans evidenced by the Note, the Debtors granted the Movant a security interest in and liens and mortgages upon collateral that included the Property.

In May and June of 2007, entities separate and apart from the Debtors known as the 1031 Tax Group, LLC, et al., filed voluntary petitions for relief under the Bankruptcy Code in the Southern District of New York.[1] Okun is the sole member of one of the New York Debtors, and the remaining New York Debtors are direct or indirect subsidiaries of that debtor. Two days after the Orders of Designation had been entered in these cases, Okun entered into an Agreement to Transfer Interests and Assets for the Benefit of Bankruptcy Estates (the "Agreement") in the New York Cases. The Agreement provides that Okun will convey to the New York Debtors all right, title, and interest that Okun has in certain assets that include his ownership interest in the Debtors. That conveyance contemplates that Okun will cede to the New York Debtors his right pursuant to the Orders of Designation to control and direct the course of the Debtors' reorganization in these cases.

---

[1] The 1031 Tax Group entities are hereinafter referred to as the "New York Debtors" and the bankruptcy cases commenced by the New York Debtors are hereinafter referred to as the "New York Cases."

2

On October 19, 2007, counsel for the movant filed its motion for the appointment of a Chapter 11 Trustee (the "Motion"). The Motion contends that the Agreement constitutes a breach of the fiduciary duty that Okun owes to the bankruptcy estates of the three Debtors as well as a violation of the automatic stay of § 362 of the Bankruptcy Code.[2] The Movants scheduled a hearing on their Motion for October 31, 2007.

At the October 24, 2007 Hearing to consider the joint administration of these bankruptcy estates, proposed counsel for the Debtors brought to the Court's attention (i) that the New York Cases existed, (ii) that the Agreement had been executed, (iii) that as a result thereof Okun had abdicated his responsibility as the designated representative of the Debtors, (iv) that proposed counsel no longer had anyone from whom to obtain information or take direction in the Debtors' cases, and (v) that a Chapter 11 Trustee had just been appointed for the New York Debtors in the New York Cases. According to the Disclosure Statement that had been filed in the New York Cases, the New York Debtors had been under investigation by representatives of the United States Postal Inspector in conjunction with the United States Attorney for the Eastern District of Virginia (Richmond Division) concerning alleged improper transfers of funds by Okun controlled entities. Proposed counsel for the Debtors expressed concern that, even before Okun had executed the Agreement, Okun was clearly conflicted in the responsibilities he owed to the New York Debtors and to these Debtors. Upon Okun's apparent abdication of his responsibly to act in the best interest of the Debtors and their creditors in these cases as evidenced by his execution of the Agreement, proposed counsel for the Debtors orally moved at the October 24, 2007 Hearing to join in the Motion for the appointment of a Trustee, and he requested an expedited hearing on that Motion.

---

[2] The Movant also maintains that the Agreement violates certain covenants in its loan documents as well as in the Debtors' own partnership agreements that prohibit or otherwise restrict the transfer of Okun's ownership interest in the Debtors.

The Court granted the oral motion and scheduled an expedited hearing for Thursday, October 25, 2007, at 2:00 p.m. Proposed counsel for the Debtors sent notice of the expedited hearing to all known creditors and parties in interest in these cases as well as in the New York Cases. Section 1104(a) of the Bankruptcy Code states that a Trustee may be appointed "after notice and a hearing." 11 U.S.C. § 1104(a). The Rules require "reasonable notice and opportunity for hearing." Fed.R.Bankr.P. 9014. The Code defines the term "after notice and a hearing" as meaning such notice and hearing as is appropriate in the circumstances.[3] All parties received notice of the Motion filed by the Movant six days prior to the expedited hearing. All parties were given an opportunity to present evidence with regard to the allegations that serve as the basis for the appointment. Of critical importance to the Court in granting the request for an expedited hearing was the fact that there was no person in possession of the Debtors' estates that was able to properly guide the Debtors' affairs. It is imperative that these bankruptcy estates have a fiduciary from whom counsel for the Debtors can take guidance. It is essential that there be a fiduciary to look out for the best interests of the creditors of these bankruptcy estates. Actual notice was received by all parties in interest of the expedited hearing. All parties were offered the opportunity to participate either in person or by way of telephone conference call. Given the exigent circumstances, the Court finds that both the notice and the opportunity for a hearing were appropriate in these cases.

Hearing was held on October 25, 2007, at which it was elicited that due to a prepetition default the Movant has been collecting all of the revenue generated from the Property since the Petition Date under a "lockbox" agreement as provided in its loan documents. Counsel for the

---

[3] 11 U.S.C. § 102 provides in pertinent part that "in this title—
(1) "after notice and a hearing," or a similar phrase—
(A) means after such notice as is appropriate in the particular circumstances, and such opportunity for a hearing as is appropriate in the particular circumstances

4

Movant represented that, as there was no one able to form an operating budget for the Debtors post-petition, no order had ever been entered authorizing the Debtors to use cash collateral in the operation of the retail mall.[4]  Accordingly, no post-petition operating expenses have been paid. Boardwalk Management Company, Inc., the company managing the mall for the Debtors, was able to reach an accommodation with the Movant for an advance of $50,000 in order to fund payroll taxes and employee wages.  As a result of the Debtors' neglect, the mall has struggled to continue to operate.

All parties present at the hearing save one spoke in favor of the Motion.  The Office of the United States Trustee supported the Motion emphasizing that almost all of the criteria set forth in §1104(a)(1) and § 1104(a)(2) of the Bankruptcy Code that would favor the appointment of a Chapter 11 Trustee were present in the Debtors' Cases.

Counsel for the Chapter 11 Trustee just recently appointed in the New York Cases (the "New York Trustee") opposed the Motion.  While counsel for the New York Trustee readily agreed that Okun should have no further involvement with the Debtors, he requested the Court to postpone its decision in order to see whether or not the New York Trustee would assume control of the Debtors' cases pursuant to the terms of the Agreement.  If so, counsel argued that the Court could then designate the New York Trustee as the Debtors' representative as an alternative to the appointment of a Chapter 11 Trustee.  Counsel for the New York Trustee conceded that the appointment of a Chapter 11 Trustee in theses cases would have no negative impact upon the administration of the New York Cases.

---

[4]  11 U.S.C. § 363(c)(2) prohibits the use of cash collateral unless all parties that have an interest in the cash collateral consent to its use or the court authorizes such use.

5

Section 1104(a) of the Bankruptcy Code lists four nonexclusive bases upon which cause may be found for the appointment of a Chapter 11 Trustee.[5]  Section 1104(a)(1) does not define the term "cause" but merely notes that "cause includes fraud, dishonesty, incompetence or gross mismanagement of the affairs of the debtor by current management."  Section 102(3) provides that the terms "includes" and "including" are not limiting.  The rule of construction contained in § 102(3) underscores that the bases for finding cause for the appointment of a trustee listed in § 1104(a) are not exclusive.  *In re Marvel Entertainment Group, Inc.*, 140 F.3d 463, 472 (3rd Cir. 1998).

Cause has been found to exist where the continuation of management of the debtor in possession results in potential conflicts of interest between the debtor and related corporations. *In re L. S. Goode & Co.*, 8 B.R. 312, 315 (Bankr. N.D. W.Va. 1980).  *See also, In re Embrace Systems Corp.*, 178 B.R. 112, 128-29 (Bankr. W.D. Mich. 1995).  Debtors in possession are fiduciaries of the estate and breach of their fiduciary duties may constitute cause.  The designated representative of the Debtors owes a fiduciary duty to maximize the Debtors' estates for the benefit of the Debtors' creditors.  *In re JTR Corp.*, 958 F.2d 602, 604 (4th Cir. 1992) (noting that a debtor in possession must act in the interest of creditors as the position is one of a fiduciary and the debtor in possession "owes the same duties as a trustee"); *In re Intermagnetics Amer., Inc.*, 926 F.2d 912, 917 (9th Cir. 1991) ("Officers of a debtor in possession are officers of the court because of their responsibility to act in the best interests of the estate as a whole and the

---

[5] 11 U.S.C. § 1104(a) provides as follows:
(a)  At any time after the commencement of the case but before confirmation of a plan, on request of a party in interest or the United States trustee, and after notice and a hearing, the court shall order the appointment of a trustee—
(1)  for cause, including fraud, dishonesty, incompetence, or gross mismanagement of the affairs of the debtor by current management, either before or after the commencement of the case, or similar cause, but not including the number of holders of securities of the debtor or the amount of assets or liabilities of the debtor; [or]
(2)  if such appointment is in the interests of creditors, any equity security holders, and other interests of the estate, without regard to the number of holders of securities of the debtor or the amount of assets or liabilities of the debtor

6

accompanying fiduciary duties"); *In re Sal Caruso Cheese, Inc.*, 107 B.R. 808, 816-17 (N.D.N.Y. 1989) (noting the fiduciary duties owed by a debtor in possession to the estate, the creditors and the court); *Chmil v. Rulsia Operating Co. (In re Tudor Assocs.)*,, 64 B.R. 656, 662 (E.D.N.C. 1986) ("the debtor in possession, like a trustee, is an officer of the court subject to the bankruptcy court's complete power to control").

A trustee should be appointed when the debtor in possession cannot perform its fiduciary duties. *In re Russell*, 60 B.R. 42, 45 (Bankr. W.D. Ark. 1985); *In re Ford,* 36 B.R. 501, 504 (Bankr. W.D. Ky. 1983). Here, there is cause to appoint a Chapter 11 Trustee as the designated representative of the debtor in possession is unable to fulfill the obligations he owes to the Debtors' bankruptcy estates to act as an independent fiduciary representative. By signing the Agreement with the New York Debtors, Okun, abdicated his duty to manage these Debtors in a way that would benefit the creditors of these estates. As no independent fiduciary of the Debtors exists to conduct the Debtors' reorganization, the Debtors' creditors are entitled to the immediate appointment of an independent trustee to represent the interests of these Debtors' estates under both provisions of § 1104(a)(1) and (2) of the Bankruptcy Code.

Grounds also exist for the appointment of a Chapter 11 Trustee under § 1104(a)(1) as Okun's abdication of his responsibilities has resulted in the gross mismanagement of the Debtors' affairs. Section 1104(a)(1) states that a court shall appoint a Chapter 11 Trustee due to "incompetence or gross mismanagement of the affairs of the debtor by current management, either before or after the commencement of the case." Okun has failed to provide proposed counsel for the Debtors with the information necessary to file the lists and schedules required for these cases to proceed. Nor has Okun given proposed counsel the requisite information to create a postpetition operating budget. Consequently, no cash collateral agreement is in place in these

7

cases. Okun's inaction in these regards most certainly will lead to the irreparable injury of these Debtors. They cannot continue to operate the mall without access to cash-collateral. Such neglect is gross mismanagement which constitutes sufficient grounds for the Court to appoint a Chapter 11 Trustee.

The Court may also appoint a Chapter 11 Trustee if the appointment is in the interest of creditors, any equity security holders and other interests of the estate. 11 U.S.C. § 1104(a)(2). Whether appointment of a Chapter 11 Trustee is in the interest of creditors, equity security holders and other interests of the estate requires a balancing of the interests against costs associated with the appointment. Appointment of a Chapter 11 Trustee must be in the interest of the estate generally. The standard under § 1104(a)(2) of the Bankruptcy Code is more flexible than those under § 1104(a)(1) and the determination lies within the sound discretion of the bankruptcy court. *In re Bellevue Place Assocs.*, 171 B.R. 615, 623 (Bankr. N.D. Ill. 1994).

Among the traditional factors that courts consider in making this determination includes whether the business community and creditors of the estate have confidence in the debtor. *In re Madison Mgmt. Group, Inc.*, 137 B.R. 275, 282 (Bankr. N.D. Ill. 1992). Here, every constituency represented in the Debtors' bankruptcy cases supports the appointment of a Chapter 11 Trustee. This includes proposed counsel for the Debtors, counsel for the senior secured lender, counsel for various of the creditors and the Office of the United States Trustee. Only the New York Trustee opposes the Motion, but even he concedes that Okun should have no further involvement with the Debtors. It is especially telling that Okun did not dispute that he was irreconcilably conflicted in his continued role as designee of these Debtors; and he does not contest the appointment of a Chapter 11 Trustee.

8

For the foregoing reasons the Court announced at the conclusion of the hearing that it would grant the Motion, and it requested the Office of the U. S. Trustee to appoint a Chapter 11 Trustee in these cases.  A separate order has issued.

ENTERED: _____

       /s/ Kevin R. Huennekens
UNITED STATES BANKRUPTCY JUDGE

Copies to:

Katherine M. Mueller
Michael E. Hastings
LeClair Ryan, A Professional Corporation
Riverfront Plaza, East Tower
Post Office Box 2499
Richmond, VA  23219

Edward H. Okun
10800 Midlothian Turnpike, Ste 309
Richmond, VA  23235

Michael A. Oakes
Akin Gump Strauss Hauer & Feld LLP
1333 New Hampshire Ave. N.W.
Washington, DC  20036

Charles R. Gibbs
Akin Gump Strauss Hauer & Feld LLP
1700 Pacific Avenue, Ste 4100
Dallas, TX  75201

Lynn Tavenner
Tavenner & Beran, PLC
20 North Eighth Street, 2nd Floor
Richmond, VA  23219

Dennis T. Lewandowski
Kaufman & Canoles
P. O. Box 3037
Norfolk, VA  23514

Robert B. Van Arsdale
Office of the U.S. Trustee
600 East Main Street, 3rd Floor
Richmond, Virginia 23219